■ ROUNDABOUT THEATRE COMPANY, INC., et al., Appellants, v CONTINENTAL CASUALTY COMPANY, Defendant, and J&H MARSH & McLENNAN, INC., Respondent. [775 NYS2d 857]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered August 8, 2003, which granted defendant insurance broker's motion for summary judgment dismissing plaintiff insured's complaint as against it, unanimously affirmed, with costs.

No issues of fact exist as to whether defendant owed plaintiff any advisory responsibilities, or other duty beyond the procurement of requested insurance, such as would make defendant liable for plaintiff's uninsured business interruption loss (*see Murphy v Kuhn*, 90 NY2d 266). The policy in effect at the time of the loss had been procured by defendant's predecessor (*see* 302 AD2d 1, 4, n 1 [2002]), and plaintiff never requested defendant to procure business interruption coverage before the loss. While the parties may have contemplated defendant's services as a consultant and risk manager as well as traditional broker, as set forth in defendant's marketing brochure, defendant's letter to plaintiff the day after it was hired disclaiming any risk-management responsibilities until the parties met, and the par-

ties' failure to meet or have any other substantive interaction during the three-month period after the hiring and before the loss, establish, as a matter of law, that at the time of loss the relationship had not yet developed beyond the ordinary (*see Murphy v Kuhn, id.* at 272-273). Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.